UNITED STATES DISTICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re:<br><br>CURTIS JAMES JACKSON, III,<br><br>   Debtor.<br>_____<br><br>CURTIS JAMES JACKSON, III,<br><br>   Appellant,<br><br>      v.<br><br>REED SMITH LLP AND PETER RAYMOND,<br><br>   Appellees. | CIVIL ACTION<br>CASE NO. 3:23-CV-00674 (JAM) |

## MOTION TO TRANSFER PURSUANT TO LOCAL RULE 40(b)

Pursuant to Local Rule 40(b), Appellees Reed Smith LLP and Peter Raymond (together, "Reed Smith") respectfully move to transfer this case within the District of Connecticut to The Honorable Vanessa L. Bryant who is handling an earlier filed appeal currently pending in this District, *In re: Jackson*, No. 3:21-cv-00911-VLB, which involves the same parties and stems from the same bankruptcy adversary proceeding as the instant action.

In violation of Local Rule 40(b)(3), Debtor and Appellant Curtis James Jackson, III ("Jackson") filed a Notice of Appeal, commencing the instant action, without reference to the earlier, related appeal currently pending before Judge Bryant. *See* ECF No. 1. This earlier appeal before Judge Bryant was initiated by Jackson on July 2, 2021. ECF Nos. 1, 3, *In re: Jackson*, No. 3:21-cv-00911-VLB (D. Conn.) [hereinafter "First Appeal Docket"].

Both the instant appeal and the appeal before Judge Bryant originate from the same adversary proceeding from the Bankruptcy Court for the District of Connecticut between Jackson

and his previous law firm, Reed Smith, and relate to Reed Smith's prior representation of Jackson.  *See* ECF No. 1-1; ECF No. 1-1, First Appeal Docket.  The earlier appeal is from the Bankruptcy Court's dismissal of malpractice, *inter alia*, claims Jackson brought against Reed Smith.  *See* ECF No. 1-1, First Appeal Docket.  That appeal is fully briefed and remains pending before Judge Bryant.  The instant appeal is from the Bankruptcy Court's decision regarding an objection by Jackson to Reed Smith's proof of claim for unpaid attorneys' fees and costs.  *See* ECF No. 1-1.  After the Bankruptcy Court issued its decision on Jackson's proof of claim objection, Reed Smith promptly filed a Notice of Decision in Related Matter with Judge Bryant.  ECF No. 35, First Appeal Docket (attached hereto as Exhibit A).

      Pursuant to Local Rule 40(b)(3), Jackson was required to alert the District Court to the existence of the pre-existing, related appeal when he filed his Notice of Appeal from the Bankruptcy Court's more recent judgment:

> Whenever a party files in this Court an appeal from a ruling of the Bankruptcy Court, it shall file, at the same time, a notice disclosing the case caption, case number, and presiding judge of any previous appeals filed in this Court arising from the same bankruptcy case. The appeal should normally be transferred to the judge to whom any previous appeals arising from the same bankruptcy case were assigned.

D. Conn. L. Civ. R. 40(b)(3).

      Jackson's failure to comply with this Rule is particularly troubling given that both of Jackson's appeals involve his dispute with Reed Smith.  Indeed, Jackson chose to immediately appeal the Bankruptcy Court's grant of summary judgment dismissing his malpractice claim, even though his proof of claim objection and related issues still had to be adjudicated.  After having filed his first appeal, Jackson sought to stay the Bankruptcy Court's adjudication of his proof of claim objection.  *See* ECF No. 427, *Jackson v. Reed Smith LLP et al.*, No. 17-02005-AMN (Bankr. D. Conn.) [hereinafter "Bankruptcy AP Docket"].  His motion for stay was

ultimately denied by the Bankruptcy Court, ECF No. 454, Bankruptcy AP Docket (attached hereto as Exhibit B), and then a similar motion was denied by the District Court, ECF No. 34, First Appeal Docket (attached hereto as Exhibit C). Among the reasons Jackson argued for a stay was the fact that many of the issues in the objection hearing pertaining to Reed Smith's claim for attorneys' fees would overlap with issues addressed in the summary judgment decision on appeal before Judge Bryant. *See* ECF No. 34 at 4, First Appeal Docket. In her decision denying stay, Judge Bryant explained how part of the case was allowed to proceed on appeal at Jackson's request, while the remaining fee objection would proceed before the Bankruptcy Court:

> In March 2019, the bankruptcy court granted Reed Smith's motion to dismiss all of Jackson's breach of fiduciary duty claims and most of the malpractice claims. In June 2021, the bankruptcy court granted partial summary judgment in favor of Reed Smith. Upon Jackson's request, the bankruptcy court certified the partial judgment as a final judgment. Jackson subsequently appealed the bankruptcy court's decisions on the motion to dismiss and motion for summary judgment to the District Court.
>
> The bankruptcy court denied summary judgment on three issues that are still pending before the bankruptcy court. These issues are whether some or all of Jackson's legal fees should be disallowed due to: (1) an alleged violation of 22 NYCRR 1215.1; (2) an alleged conflict of interest; and (3) excessiveness pursuant to Bankruptcy Code § 502(b)(4).

ECF No. 34 at 2, First Appeal Docket.

Judge Bryant rejected Jackson's motion for stay notwithstanding Jackson's articulation of overlapping issues that Jackson described as "inextricably intertwined":

> Jackson argues that he will suffer irreparable harm if the [proof of claim] hearing moves forward while his appeal of the bankruptcy court's decisions on the motions to dismiss and summary judgment is pending. He states that the issues on appeal and the remaining issues that are the subject of the [proof of claim] hearing are "inextricably intertwined" and involve the same facts and witnesses

3

> such that if the district court were to overturn the bankruptcy court's decision, Jackson would have to spend "considerable additional time and resources" relitigating the same issues.

*Id.* at 4 (citations omitted).

In light of these interrelated issues, Reed Smith respectfully submits that Jackson's most recent appeal to this Court should be transferred to Judge Bryant. *See* D. Conn. L. Civ. R. 40(b)(1)(a) ("In the event that it is subsequently determined that there is pending in this District a related case assigned to a different Judge, the later-filed case should normally be transferred to the Judge having the earliest filed case that remains pending."); *McCann v. Communications Design Corp.*, Civ. Nos. 2:92–34 (JAC), B–89–164 (JAC), 1992 WL 336760, *2 (D. Conn. Oct. 1, 1992) ("The sensible purpose of [Rule 40] is to permit a judge already familiar with the facts of one case to preside over both cases with a minimum duplication of judicial effort."). Whatever motivated it, Jackson's failure to comply with the Local Rule should not result in two different judges considering what Jackson himself has acknowledged are "inextricably intertwined" issues.

Accordingly, Reed Smith respectfully moves for an Order transferring this case to Judge Bryant, and for such other and further relief as this Court deems just and proper.

Dated: May 29, 2023

*/s/ Thomas G. Rohback*
Thomas G. Rohback (ct01096)
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Tel: 860.275.8110
Fax: 860.275.8101
Email: trohback@axinn.com

*Attorneys for Defendants*
*Reed Smith LLP and Peter Raymond*

## **CERTIFICATE OF SERVICE**

      I hereby certify on the 29th day of May 2023, a copy of the foregoing was filed electronically and will be served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                */s/ Thomas G. Rohback*
                                                Thomas G. Rohback