UNITED STATES DISTICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re:<br><br>**CURTIS JAMES JACKSON, III,**<br><br>   Debtor.<br><br>———————————————<br><br>**CURTIS JAMES JACKSON, III,**<br><br>   Appellant,<br><br>   v.<br><br>**REED SMITH LLP AND PETER RAYMOND,**<br><br>   Appellees. | CIVIL ACTION<br>CASE NO. 3:23-CV-00674 (VLB) |

## APPELLEE'S OPPOSITION TO APPELLANT'S MOTION
## FOR EXTENSION OF DEADLINE TO FILE APPEAL BRIEF

Defendant-Appellee Reed Smith LLP ("Appellee" or "Reed Smith") respectfully submits this Opposition to the Motion for Extension of Deadline to File Appeal Brief filed by Plaintiff-Appellant Curtis James Jackson, III ("Appellant" or "Jackson") on July 19, 2023 (ECF No. 19). Respectfully, there is no good reason to delay the filing of Appellant's appeal brief for three months to October 20, 2023. It has been over seven months since the Bankruptcy Court for the District of Connecticut ("Bankruptcy Court") held post-hearing oral argument on Jackson's Objections to Reed Smith's Proof of Claim on December 1, 2022, and two months since the Bankruptcy Court issued its decision on Jackson's Objection to Reed Smith's Proof of Claim on May 10, 2023. Appellant has

provided no compelling reason why this Court should more than double the time allowed for under the federal rules for Appellant to file his appeal brief.

While Appellant claims that his separate appellate counsel needs time to review an extensive record, the salient fact is that Appellant's counsel is not new to this case.  The same counsel handled Appellant's related appeal from the same bankruptcy adversary proceeding from which the instant action stems in which the Bankruptcy Court dismissed Appellant's breach of duty and malpractice claims on separate motions to dismiss and on summary judgment.  *See* Appeal Br. for Plaintiff-Appellant, ECF No. 24, *In re: Jackson*, No. 3:21-cv-00911-VLB (D. Conn.).  There was no new pre-trial discovery for Appellant's counsel to review for the instant appeal from the Bankruptcy Court's decision on Reed Smith's Proof of Claim.  In the Bankruptcy Court, the discovery for the malpractice claim and the Proof of Claim were combined, and all that discovery occurred before Reed Smith filed its motion for summary judgment on April 30, 2020.  *See* Scheduling Orders, ECF Nos. 74, 79, 86, 124, 130, 165, 178, and 183, *Jackson v. Reed Smith LLP et al.*, No. 17-02005-AMN (Bankr. D. Conn.).  Appellant's counsel would have reviewed the entire discovery record at that time, as well as all briefing and argument that occurred on the summary judgment motion itself, along with the Bankruptcy Court's decision dated June 21, 2021.

To be clear, Reed Smith's Proof of Claim was filed on November 3, 2015. *See* ECF No. 466-1, *Jackson v. Reed Smith LLP et al.*, No. 17-02005-AMN (Bankr. D. Conn.).  Jackson was discharged from bankruptcy on February 2, 2017.  *See* ECF No. 764, *In re Curtis James Jackson, III*, No. 15-21233 (Bankr. D. Conn).  All

other creditors in that bankruptcy, except for Reed Smith, were paid long ago.  On May 10, 2023, the Bankruptcy Court issued its decision substantially allowing Reed Smith's Proof of Claim.  ECF No. 598, *Jackson v. Reed Smith LLP et al.*, No. 17-02005-AMN (Bankr. D. Conn.).

Even though Reed Smith's Proof of Claim has now been substantially allowed, Reed Smith still cannot be paid because Appellant has initiated this appeal.  Reed Smith is earning no interest on that long-delayed payment as Appellant continues to pursue litigation aggressively, and without any sense of urgency.  Contrary to Appellant's argument, the Bankruptcy Court's Scheduling Order of June 30, 2023 (attached to Appellant's Motion as Ex. A, ECF No. 19-1) does not provide a valid reason for extending Appellant's appeal brief filing date to wait for further decisions from the Bankruptcy Court that concern only Reed Smith's right to be reimbursed for the fees it has incurred in litigating against Jackson for the past six years after he was discharged from bankruptcy on February 2, 2017.

Reed Smith does not oppose a reasonable extension until August 7, 2023 or earlier (provided Reed Smith is permitted reciprocal time).  But delaying the filing of Appellant's appeal brief to October 20, 2023 is unjustified and unfair.

| | |
|---|---|
| **Dated: July 20, 2023** | */s/ Thomas G. Rohback* <br> **Thomas G. Rohback (ct01096)** <br> **AXINN, VELTROP & HARKRIDER LLP** <br> **90 State House Square** <br> **Hartford, CT 06103** <br> **Tel: 860.275.8110** <br> **Fax: 860.275.8101** <br> **Email: trohback@axinn.com** <br><br> *Attorney for* **Defendant-Appellee Reed Smith LLP** |

**CERTIFICATE OF SERVICE**

      I hereby certify on the July 20, 2023, a copy of the foregoing was filed electronically and will be served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                               */s/ Thomas G. Rohback*
                                                                Thomas G. Rohback